COMMONWEALTH *vs.* DANIEL ARROYO. May 19, 2008. *Practice, Criminal, Probation, Revocation of probation.*

Daniel Arroyo appealed from an order of a Superior Court judge revoking his probation and committing him to serve a State prison term of from three to five years. The Appeals Court affirmed the order, concluding that, although the judge erred in considering evidence of an alleged criminal offense that occurred after the probationary term had expired, it was "convinced that in this case, unlike in [*Commonwealth* v. *Aquino*, 445 Mass. 446 (2005)], even

[1]Charles F. Tynan.

[2]Secretary of the Commonwealth, the Governor, Speaker of the House of Representatives, and the President of the Senate.

absent the error in consideration of, and reference to, the [postprobationary term] offense, the revocation and sentencing disposition would remain unchanged." *Commonwealth* v. *Arroyo*, 70 Mass. App. Ct. 228, 233 (2007). We granted the defendant's application for further appellate review.

The essential facts are described in the Appeals Court's opinion, and we do not repeat them here. See *id.* at 229-231. Probation may be revoked if the evidence at a probation surrender hearing establishes, "at least to a reasonable degree of certainty, that the defendant had violated a condition or conditions of his probation." *Commonwealth* v. *Maggio*, 414 Mass. 193, 198 (1993). In considering the evidence, however, the judge "may not penalize the defendant for violations committed beyond" the probationary period. *Commonwealth* v. *Aquino, supra* at 449. See *Commonwealth* v. *Sawicki*, 369 Mass. 377 (1975). Including postprobationary conduct in the revocation calculus is improper.[1] *Id.* at 384-385.

While violations of probationary conditions "may form the basis for the revocation of that probation," *Rubera* v. *Commonwealth*, 371 Mass. 177, 181 (1976), it is also true that not every violation requires revocation. *Commonwealth* v. *Faulkner*, 418 Mass. 352, 365 n.11 (1994). "There are two components to the decision to revoke probation: a retrospective factual question whether the probationer has violated a condition of probation and a discretionary determination by the judge whether violation of a condition warrants revocation of probation." *Id.* In making the discretionary determination whether to revoke the defendant's probation, the judge should not have weighed evidence of the defendant's postprobationary term conduct. The same also holds true with respect to the judge's determination of what sentence to impose after deciding to revoke probation. In this case, a fair reading of the sentencing transcript indicates that, while the judge did base his revocation and sentencing decisions in part on events that occurred during the probationary term,[2] he also relied on postterm conduct. In particular, the record reflects that the postterm allegations of assault and battery were a substantial factor in the judge's decision to impose a State prison sentence of from three to five years.

In these circumstances, it is not for an appellate court to speculate "what action the judge would have taken had [he] found the defendant in violation of probation based on the violations committed during the original period of probation." *Commonwealth* v. *Aquino, supra* at 450-451. To do so would effectively, and improperly, supplant the judge's opportunity to exercise his discretion, on appropriate evidence, in the first instance. See *Commonwealth*

---

[1]At oral argument, counsel for the defendant stated that at the time of the probation revocation hearing on July 12, 2005, the judge as well as counsel may have been operating under the misimpression that the defendant's probationary term had been extended beyond April 4, 2005; it had not.

[2]The judge found that the defendant had failed to pay counsel and supervision fees and to report to his probation officer regularly. It appears that at least some of the violations cited by the judge occurred before the defendant's probation term had expired. The judge also found that the defendant had not complied with the condition requiring that he complete a general educational development (GED) program. There is nothing in the record indicating that the defendant was unable to comply with that requirement, and there is no dispute that the defendant had not obtained his GED certificate before the end of his probationary term.

v. *Arroyo, supra* at 234 (Mills, J., dissenting) (role of reviewing court not to "determine what the judge would have done had he not committed that error"). Accordingly, we vacate the order revoking the defendant's probation, and remand the case to the Superior Court for consideration of the appropriate disposition, based solely on violations that occurred within the probationary period.

*So ordered.*

*Donna Jalbert Patalano* for the defendant.
*Anne M. Thomas,* Assistant District Attorney, for the Commonwealth.