NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11895

COMMONWEALTH  vs.  DANNY VARGAS.


Essex.     November 2, 2015. - August 3, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.[1]


Marijuana.  Practice, Criminal, Probation, Revocation of
    probation, Assistance of counsel.  Constitutional Law,
    Assistance of counsel.



    Indictment found and returned in the Superior Court
Department on November 19, 2012.

    A proceeding for revocation of probation was heard by
Richard E. Welch, III, J.

    The Supreme Judicial Court granted an application for
direct appellate review.


    Michael D. Cutler for the defendant.
    Philip A. Mallard, Assistant District Attorney, for the
Commonwealth.
    Eva G. Jellison & David J. Nathanson, for Committee for
Public Counsel Services, amicus curiae, submitted a brief.


_____

    [1] Justice Duffly participated in the deliberation on this
case prior to her retirement.

David A.F. Lewis, Sarah Heaton Concannon, & Robyn R. Schwartz, for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

HINES, J.  In this appeal, we are asked to decide whether the medical marijuana law, St. 2012, c. 369 (act),[2] establishing immunity for the medical use of marijuana, applies in a probation surrender proceeding based on the use of marijuana, purportedly for medical purposes.  The issue arises from a judge's order finding the defendant, who claimed immunity under the act, in violation of probation for the use of marijuana, terminating the probation and imposing a sentence to State prison.

The defendant challenges the disposition and seeks a new probation surrender hearing, arguing that the sentence violates his right, as a qualifying patient under the act, to the medical use of marijuana without adverse legal consequences.  He also argues that counsel was ineffective in failing to defend the probation surrender on this ground.  The Commonwealth counters that the court permissibly conditioned the defendant's probation on the prohibition of any nonprescription controlled substance, and properly terminated probation for failure to comply with this and other conditions.  The Commonwealth also argues that

---

[2] On November 6, 2012, Massachusetts voters approved by referendum St. 2012, c. 369, "An Act for the humanitarian medical use of marijuana."

counsel was not ineffective for failing to assert the immunity provision of the act where defense counsel's decision to forgo a medical marijuana defense in favor of a plea for leniency was not manifestly unreasonable.

We granted the defendant's application for direct appellate review. We conclude that, in the circumstances of this case, the judge committed no error in finding the defendant in violation of his probation and that, although counsel was ineffective in stipulating to the violation without raising the issue as a defense to the violation, the defendant suffered no prejudice from this lapse.

Background. We summarize the facts as recited by the Commonwealth at the plea hearing and stipulated to by the defendant. On October 12, 2012, the defendant entered a variety store in Haverhill, pointed what appeared to be a firearm at the clerk, and demanded money. The clerk provided approximately $400, and the defendant left the store. Information from the clerk and the defendant's mother tied the defendant to the robbery, and he subsequently confessed. The defendant told police "that he used some of that money to pay back people to whom he owed money and also used some of the money to buy marijuana."

Based on these facts, the defendant pleaded guilty to armed robbery in April 17, 2013. During the plea hearing, the

defendant admitted to the regular use of marijuana and stated that he had used marijuana during the prior twenty-four hours. In accordance with an agreed-upon recommendation, the plea judge sentenced the defendant to three years of probation, which included conditions relating to illegal drug use without a prescription and random drug testing.[3]  Referencing the use of marijuana as a factor in the commission of the crime, the judge specifically informed the defendant that the prohibition on the use of illegal drugs included the use of marijuana.  The judge further explained that the defendant would be required to follow all Federal, State, and local laws during the period of probation.  The judge also explained, "Those laws include laws regarding possession of marijuana.  So during the period of probation you would not be able to possess or use marijuana even for personal use; do you understand that?"  The defendant responded, "Yes, Your Honor."  After receiving this information and before sentencing, the defendant stated his explicit agreement to the condition of no marijuana use:  "I would just like to say if I am put on probation Your Honor I will comply

---

[3] The terms of the probation required the defendant to submit to random drug screens, attend substance abuse counselling, attend mental health treatment, use medication only as prescribed by doctors, abstain from use of controlled substances unless otherwise prescribed, submit a deoxyribonucleic acid sample, avoid contact with the variety store employees, complete high school, gain employment, and pay restitution in the amount of $400.

with everything that is put on me.  I will comply with everything and see it through and you will not see me in court again."  The judge imposed the probationary sentence with the stated conditions to take effect immediately.[4]

On April 24, 2013, within days of the plea hearing, the defendant tested positive for marijuana.  He tested positive for marijuana a second time on May 14, 2013.  On May 29, 2013, the defendant secured a document from a physician entitled "Physician's Certificate for the Use of Medical Marijuana in the Commonwealth of Massachusetts Pursuant To 105 [Code Mass. Regs. §] 725" (certificate).[5]  That document purported to "certify and approve [the defendant's] use of medical marijuana"

---

[4] The judge noted that he had a stark choice to make because he could only sentence the defendant to State prison or to a period of probation.

[5] On May 8, 2013, the Department of Public Health (department) issued regulations implementing the medical marijuana law, St. 2012, c. 369 (act).  Those regulations require a two-step process to trigger the immunity provisions: (1) a "written certification" from a qualified physician; and (2) a valid registration card.  105 Code Mass. Regs. 725.015(C) (2013).  When the defendant received his certificate on May 29, 2013, the department had not yet implemented the procedure for the issuance of a registration card.  Therefore, as provided in the regulation, the certificate alone was sufficient to invoke the immunity provisions of the act.  See Commonwealth v. Canning, 471 Mass. 341, 347-348 (2015).

for the relief of symptoms of a "debilitating medical condition."[6]

On June 17, 2013, the probation officer issued a violation of probation notice based on the positive drug screens. The defendant appeared with counsel on August 28, 2013, for the surrender hearing. On the advice of counsel, the defendant stipulated to probation violations for the use of marijuana on April 24, May 14, May 31, and June 11, 2013, and for the use of cocaine on June 11, 2013.[7]

Based on the facts asserted in the probation violation notice and the stipulation by the defendant, the judge found the defendant in violation of the terms of his probation and approved the agreed-upon recommendation that the defendant complete the level-three program at the Lawrence Community Correction Center[8] "with the added condition that no use of

---

[6] The Commonwealth challenges the validity of this document as a certificate for the medical use of marijuana, claiming that it was obtained from a "now-defunct . . . 'recommendation'-mill." We need not consider the issue based on our conclusion that even a valid certificate would not bar the judge's disposition on the probation violation.

[7] Acknowledging that the certificate did not immunize the use of cocaine on June 11, 2013, the defendant claimed that the cocaine "must have been slipped into the marijuana without him knowing."

[8] The level-three program at the Lawrence Community Correction Center requires daily reporting and other rehabilitation and educational services to criminal offenders.

drugs, including marijuana, be part of his probation."  The judge summarized the recommendation regarding drug use as follows, "Full menu, drug and alcohol free, except for prescribed medication for back condition by a licensed Massachusetts physician."  The probation officer inquired whether the condition would state, "including marijuana that he's not allowed to use" and defense counsel expanded that adding the words "including marijuana" would clarify the intent that all legal or illegal use is prohibited.  The judge agreed, stating, "No marijuana.  Okay."

During the hearing, defense counsel informed the judge that on May 29, 2013, the defendant acquired a certificate for the medial use of marijuana.  He did not, however, offer it as a defense to the violation or request a modification of the conditions of probation on that ground.  Instead, defense counsel told the judge that he had reviewed the certificate and advised the defendant that it is "not a prescription, it's a medical recommendation . . . and it [is] not okay at this point in time, based on the way the law is right now, . . . for him to use marijuana under any circumstance until it's clarified or when we're clear as to who the providers are going to be."

---

http://www.mass.gov/essexsheriff/facilities/community-corrections.html [https://perma.cc/2CTQ-CUNM].

After being reprobated at the August, 2013, surrender hearing and agreeing on the advice of counsel to forgo reliance on the certificate, the defendant again tested positive for marijuana, and he failed to comply with other probation conditions.  The probation department issued a second violation of probation notice[9] on October 7, 2013, requiring the defendant to appear for a surrender hearing.  On October 23, 2013, the defendant appeared for a hearing on the appointment of counsel.  At this hearing, the probation officer requested that the defendant be detained pending the final surrender hearing, explaining that he was requesting incarceration because the defendant "continues to miss drug tests and uses marijuana" in "flagrant disregard for the rules of the program that he's been sentenced to" and shows no "effort of compliance."  The judge declined the request to detain the defendant, appointed new counsel, and after receiving information about the defendant's background,[10] inquired whether the parties could fashion an alternative to surrender.

---

[9] The October 7, 2013, probation violation notice alleged the following violations:  use of marijuana on September 19, 20, 23, 27, and 30, 2013; failure to report to the Lawrence Community Correction Center on September 12, 25, and 26, 2013, and October 2 and 3, 2013; and failure to report for drug tests on September 17 and 26, 2013.

[10] Defense counsel asserted that the defendant came from an "intact family," was "currently going to a high school to get

As at the first surrender hearing, newly appointed counsel made no attempt to leverage the certificate on the defendant's behalf.  He agreed to a preliminary stipulation to five violations for use of marijuana, two violations for failure to report for a drug test, and five violations for failing to report to the Lawrence Community Correction Center occurring in September and October, 2013.  In his argument to the court, he explained that he had discussed the medical marijuana certificate with the defendant and informed him that it would not be a defense to the probation violation.

The judge agreed with counsel's analysis[11] and then offered the defendant two options:  (1) the judge would continue sentencing for four weeks and if the defendant did not "fully comply with every single requirement of the Level Three Program," including that he "stop using any type of drug, including marijuana," and "show up for every single drug test," he would receive the full State prison sentence for armed robbery and assault; or (2) the defendant could "go in for a week, and then to the county jail, and then try to have additional terms of probation after that."  The defendant

_____

his diploma" and was receiving percentages of from seventy to eighty in certain classes.

[11] The judge emphatically stated his agreement, noting that even if "[the defendant] has Barack Obama's permission to toke at will, it doesn't matter."

acknowledged his understanding of the options and that the prohibition of marijuana use included medical and nonmedical marijuana use and, through counsel, expressed his desire to accept the first option, which would allow him to avoid the short period of incarceration. Accordingly, the judge continued the hearing for four weeks.

On November 19, 2013, the probation department issued a third violation of probation notice for the defendant's appearance on November 20, 2013. This notice followed a positive marijuana test on November 14 and a failure to report for a drug test on November 19. At the final surrender hearing on December 11, 2013, before the same judge who had presided at the October 23, 2013, hearing, the probation officer informed the judge that the defendant failed to appear at the November 20, 2013, hearing. Defense counsel reiterated his stipulation to the violations and made no further reference to the certificate. The judge terminated the probation and sentenced the defendant to a term of not less than two years, and no more than four years in State prison. This disposition is the subject of the defendant's appeal.

Discussion. 1. Immunity. The defendant argues that the judge erred by imposing a sentence for the probation violation based on the medical use of marijuana because, as a qualified patient, the act granted him immunity from punishment for that

conduct.[12]  More specifically, the defendant contends that the judge was prohibited by the act from sentencing for probation violations relating to marijuana because -- prior to the sentencing hearing -- he had obtained a certificate for the medical use of marijuana.  We disagree.  The judge was not bound by any such restraint where, prior to acquiring the certificate, the defendant agreed to conditions of probation prohibiting the use of marijuana and failed to secure a modification of that condition based on his later acquired qualifying patient status. Nor was the defendant a qualifying patient entitled to immunity under the act when he violated the conditions of his probation by using marijuana prior to acquiring the certificate.[13]  We conclude also that even if the defendant were entitled to immunity for the medical use of marijuana, the judge could

---

[12] The stated purpose of the act is as follows:  "The citizens of Massachusetts intend that there should be no punishment under state law for qualifying patients, physicians and health care professionals, personal caregivers for patients, or medical marijuana treatment center agents for the medical use of marijuana, as defined herein."  St. 2012, c. 369, § 1.  The act expressly authorizes certain conduct relating to marijuana that was previously criminalized.  Canning, 471 Mass. at 349.

[13] Because the defendant was not a qualifying patient at the relevant time for the purposes of the act, we do not reach the broader question whether the medical marijuana law limits a judge's authority to prohibit the use of medical marijuana as a condition of probation where the defendant objects to this condition.

properly sentence the defendant for violations independent of the use of marijuana.

The analysis of the defendant's right to use medical marijuana without adverse legal consequences to his probationary status begins with the language of the act, which provides in relevant part as follows:  "Any person meeting the requirements under this law shall not be penalized under Massachusetts law in any manner, or denied any right or privilege, for such actions." St. 2012, c. 369, § 4.  More specifically, with regard to the use of medical marijuana, the act further provides, subject only to certain conditions not relevant in this case, that "[a] qualifying patient . . . shall not be subject to arrest or prosecution, or civil penalty, for the medical use of medical marijuana."  Id.  A "[q]ualifying patient" is further defined as "a person who has been diagnosed by a licensed physician as having a debilitating medical condition."  St. 2012, c. 369, § 2 (K).  We assume without deciding that the defendant was a "qualifying patient" under the act when he acquired the certificate on May 29, 2013.[14]  What we must determine is whether his status as a qualifying patient as of that date immunizes his

---

[14] The regulations adopted on May 8, 2013, require that the certificate "shall be issued in a form and manner determined by the [d]epartment."  105 Code Mass. Regs. 725.010(N) (2013). However, it does not appear that the department had further specified the "form" on May 29, 2013, when the defendant acquired his certificate.

use of marijuana in violation of a condition of probation imposed before he became a qualifying patient.  It does not.

As a threshold matter, the defendant does not dispute that he violated the conditions of his probation by testing positive for marijuana before he received the certificate.  Bypassing the implications of this nonimmunized use of marijuana, the defendant argues that the issuance of the certificate prohibits any punishment for the medical use of marijuana at any time thereafter.  We reject this argument, as it overlooks the defendant's waiver of his right to use marijuana during the plea hearing and the inherent authority of the court to impose a prison sentence for a violation of that condition.  See Commonwealth v. Durling, 407 Mass. 108, 112 (1990), quoting Rubera v. Commonwealth, 371 Mass. 177, 180-181 (1976) ("Any conduct by a person on probation which constitutes a violation of any of the conditions of his probation may form the basis for the revocation of that probation").

In agreeing to abide by the condition of no marijuana use, the defendant explicitly waived his right not to be prosecuted for the use or possession of marijuana,[15] and he agreed to be subject to punishment for noncompliance.  And, consistent with the court's inherent authority to enforce the conditions of

---

[15] Under G. L. c. 94C, § 32L, a person may possess "one ounce or less" of marijuana without criminal consequences.

probation, going forward, the court could impose appropriate sanctions for noncompliance. See Durling, 407 Mass. at 111-112, citing McHoul v. Commonwealth, 365 Mass. 465, 469-470 (1974) ("If the judge determines that the defendant is in violation, he can either revoke the probation and sentence the defendant or, if appropriate, modify the terms of his probation. How best to deal with the probationer is within the judge's discretion"). Because the immunity under the act can only apply once a person is designated a qualifying patient, it may not be invoked to grant that protection at an earlier time. The plain language of the act contemplates a restraint on punishment, and necessarily applies only in circumstances where a person already has attained the status of a qualifying patient. See St. 2012, c. 369, § 4 (providing protections for qualifying patients and personal caregivers "meeting the requirements under this law"). It does not operate to relieve the defendant of obligations and duties he undertook when he agreed to a condition of probation prohibiting the use of marijuana before attaining the status of qualifying patient. Thus, we discern nothing in the act to support an interpretation that allows a defendant in such circumstances merely to acquire a certificate for the medical use of marijuana and, thereby, to vitiate the court's inherent authority to punish the violation of a preexisting condition of probation.

Interpreting the act to require a nexus between qualifying patient status and the timing of the particular punishment serves important policy interests as well. The prospective focus of the act avoids a wholesale disruption of dispositions in criminal cases as would occur if a probationer could acquire a certificate and demand the retraction of a prohibition on the use of marijuana. Likewise, the prospective application of the immunity provision preserves the court's authority to fashion appropriate dispositions for public safety in criminal cases without the threat of a future limitation on the prohibition of marijuana use.

Last, we view with disfavor a defendant's agreement to refrain from the use of marijuana in exchange for probation on a life felony and his later attempt to repudiate that agreement by acquiring a certificate for the medical use of marijuana after he has violated the probation condition prohibiting the use of marijuana. To be clear, we do not suggest that a defendant, bound by conditions of probation prohibiting the use of marijuana, may not seek the protection of the act. He or she may do so by requesting a modification of the conditions of probation, which would be considered in the ordinary course in light of all the relevant circumstances. However, we take seriously the purpose of the act as a medical breakthrough for patients suffering from debilitating medical conditions; any

advantage to a criminal defendant is only incidental. In sum, where a court has prohibited the use of marijuana as a condition of probation prior to a defendant acquiring the status of qualifying patient, the defendant is not entitled to immunity under the act. He or she may, however, seek a modification of the condition of probation to accommodate the need for the medical use of marijuana.

2. Ineffective assistance of counsel. The defendant argues that in failing to defend the probation violation on the ground that the defendant's marijuana use was protected under the act by the certificate, counsel provided constitutionally ineffective assistance during the surrender proceedings. We conclude counsel's performance in this respect was not deficient, but that counsel's failure to seek modification of the probation conditions on that ground fell "measurably below that which might be expected from an ordinary fallible lawyer," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). We conclude, however, that counsel's lapse was not consequential. Therefore, we reject the defendant's contention that he is entitled to a new probation surrender hearing on this ground.

It is well settled that "a probationer is entitled to the effective assistance of counsel at a probation violation hearing whenever imprisonment may result." Commonwealth v. Pena, 462 Mass. 183, 188 (2012). The defendant or probationer bears the

burden of proving ineffectiveness by a showing that counsel's representation was constitutionally inadequate and that the defendant suffered prejudice.  See Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015); Saferian, 366 Mass. at 96.  We consider the defendant's argument as to each required prong of the ineffective assistance of counsel claim.

a.  Counsel's performance.  The defendant was represented by two different attorneys during the proceedings, neither of whom proffered the certificate as a defense to the asserted violation for marijuana use or as a basis for modification of the condition prohibiting the use of marijuana.  Both attorneys advised the defendant, and argued to the court, that the medical marijuana certificate lacked any legal effect and that it could not be asserted as a defense to the probation violation.

The first attorney appeared for the defendant at the initial probation surrender hearing on August 28, 2013, during which the probation officer urged surrender based on the defendant's violation of the condition prohibiting the use of all "illegal" drugs.  However, the defendant had secured the certificate on May 29, 2013, which, in accordance with the act, theoretically could have immunized his use of marijuana after that date.  During the hearing, however, counsel stipulated to all violations (including marijuana use before and after he obtained the certificate) and expressly eschewed any possible

use of the certificate as a justification for the defendant's violation. Counsel told the judge that the defendant "was under the impression that he could get medical marijuana" because of the certificate, but that he (counsel) informed the defendant that the certificate "is not a prescription, and it [is] not okay at this point in time, based on the way the law is right now, . . . for him to use marijuana under any circumstance until it's clarified or when we're clear as to who the providers are going to be." The act contained no such provision, however, and provided immunity to qualifying patients from "arrest or prosecution, or civil penalty," for the medical use of marijuana in accordance with the act. St. 2012, c. 369, § 4. With the certificate in hand, counsel was obligated, at the very least, to consider seeking a modification of the conditions of probation based on the certificate.

The second attorney's conduct at the October hearing and the December final surrender hearing was similarly lacking in the required level of professional competence. During the October hearing at which the judge considered alternatives to surrender, counsel appeared to dismiss any possible justification for the defendant's use of marijuana for medical purposes, asserting that the defendant suffered from an "addiction" to marijuana and believed that "this medical marijuana thing was his be all and end all." He then added his

own view that "[i]t's not."[16]  This statement in open court

revealed, inappropriately so, a suspicion of the defendant's

motivation for the medical marijuana certificate.

At the final surrender hearing in December, 2013, the

attorney stipulated to the defendant's probation violations,

thereby declining to take any account of the medical marijuana

certificate.  Here, counsel was even more openly skeptical of

the defendant's legal rights under the certificate, referring to

the defendant's "cleverness" in obtaining the certificate.

Despite the long odds of success at this stage of the

surrender proceedings, the option of a modification of the

probation remained available to the defendant, particularly

where it had not been considered previously.  On this record, it

appears that counsel not only failed to assess the legal

---

[16] Inexplicably, counsel at the October hearing appeared not to appreciate his role as advocate for the defendant during the hearing.  For example, counsel, who had met the defendant for the first time when he was appointed the day of the hearing, stated to the judge that "he [the defendant] has skyrocketed into the top ten of the most infuriating clients I've ever had the opportunity to represent."  Counsel used this reference on several occasions during the course of the hearing.  In a similar vein, counsel agreed with the judge's suggestion that the defendant was not a good probationer, adding that the defendant was "a horrible probationer."  Also, defense counsel was unusually frank in reporting the content of his discussion with the defendant regarding the certificate.  He revealed to the judge that he had asked the defendant whether he had court permission to use marijuana in accordance with the certificate and that the defendant had answered "no."

viability of the certificate as a defense to the probation violation, but also expressly disparaged its legitimacy. Such conduct is not acceptable as a standard for the "ordinary fallible lawyer." Saferian, 366 Mass. at 96.

We have noted the Commonwealth's position that counsel's decision to bypass the medical marijuana certificate was a tactical strategy to obtain the most favorable disposition on the surrender and that, as such, it was not "manifestly unreasonable," Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006), in light of the defendant's other unrelated violations of the probation conditions. The point is well taken because the judge reasonably could expect strict compliance with the terms of straight probation on a life felony. Nonetheless, this case presented important issues of first impression that should not have been resolved against the defendant by counsel's uninformed and narrow interpretation of the reach of the act.[17]

b. Prejudice. Although we conclude that counsel was obligated to pursue at least a modification of the conditions of probation to accommodate the defendant's medical marijuana certificate, the failure to do so in the circumstances of this case was not prejudicial. The use of marijuana was not the only

_____

[17] At the time of the hearing, no appellate court had opined on the parameters of the act for "qualifying patients" in criminal proceedings.

compliance issue for the defendant and the judge properly could have terminated the probation on grounds unrelated to the use of marijuana.

The defendant does not challenge the validity of the conditions requiring him to report for drug testing and the mandated drug program, nor does he dispute that these violations occurred. The defendant failed to report for drug testing on three different occasions, on September 17, 2013; September 26, 2013; and on November 19, 2013.[18] Also, the defendant was found to have used cocaine on June 11, 2013. Even if the judge had given full effect to the medical marijuana certificate, the use of cocaine would stand as a violation of the condition prohibiting the use of illegal drugs. In ruling on the defendant's motion for a new hearing on the probation surrender, the judge specifically cited the compliance issues independent of the marijuana use. Thus, there was no prejudice in counsel's failure to proffer the certificate as a defense or as a basis for modification of the conditions of probation.

---

[18] The probation officer also alleged that the defendant failed to report to the level-three program at the Lawrence Community Correction Center program. It appears that the defendant was terminated from the program sometime between the October 23, 2013, hearing and sentencing on December 11, 2013, because of a juvenile sex offense in Florida.

Conclusion.  We affirm the order finding the defendant in violation of the conditions of probation and the sentence based on that violation.

So ordered.