NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1200                                      Appeals Court


COMMONWEALTH  vs.  MARCUS M., a juvenile.


No. 16-P-1200.

Suffolk.     June 6, 2017. - July 27, 2017.

Present:  Green, Hanlon, & Kinder, JJ.


Practice, Criminal, Revocation of probation.  Juvenile Court,
     Probation.




     Complaints received and sworn to in the Suffolk County
Division of the Juvenile Court Department on December 19, 2014.

     A proceeding for revocation of probation was had before
Peter M. Coyne, J.


     Alison R. Bancroft for the juvenile.
     Julianne Campbell, Assistant District Attorney, for the
Commonwealth.


     HANLON, J.  After a probation violation hearing, a judge in

the Juvenile Court found that the juvenile had violated the

terms of his probation because he was charged three times with

subsequent offenses allegedly committed while he was on

probation.  The judge committed the juvenile to the Department

of Youth Services (DYS) until his eighteenth birthday.  The juvenile now appeals, arguing that the only evidence offered on two of the three offenses was his court activity record information (CARI) record indicating that new complaints had issued.  While we agree with the judge that the evidence supported a finding of violation regarding one offense on one complaint, for which there was other evidence, judicial notice of the CARI records, without more, was insufficient to support finding the other two violations.

Background.  The juvenile was placed on probation and his case continued without a finding, on May 8, 2015, after he admitted to facts sufficient to support findings of delinquency on charges of malicious destruction of property and vandalizing property.  Ten days later, a probation officer issued a notice of probation violation after the juvenile was arrested for possession of a firearm, possession of ammunition, carrying a rifle or shotgun on a public way, and assault by means of a dangerous weapon.  The probation case was continued a number of times and, on February 10, 2016, a second notice of probation violation was served on the juvenile as a result of other new charges, this time, affray and disturbing of public assembly. On March 11, 2016, a third notice of probation violation issued, alleging a "violation of the criminal law, namely, larceny."

At the probation violation hearing in June, 2016, a Boston police sergeant testified that he had responded to a call regarding a dispute among neighbors on Blue Hill Avenue in Boston. When he arrived, an individual told the sergeant that "someone had a firearm and threatened [that individual]." The sergeant and other officers spoke to all of the parties present and then left the area; they were called back a short time later. On his return, the sergeant saw a large group of young males on the street run into a nearby house. He followed them and, eventually, seized the defendant. Nearby was a backpack and, in the backpack, were two loaded firearms. At the end of the probation violation hearing, the judge, explicitly crediting the sergeant's testimony, found that the juvenile had violated the terms of his probation "by committing a new offense, namely . . . the possession of firearm charge."

Counsel for the juvenile then inquired about the status of the other pending probation violations and, after some discussion, the judge added, "And as to the affray and the disturbing of public assembly, I find that by a preponderance of the evidence that he's in violation for that based upon the CARI record. And as to the larceny, I find by a preponderance of the evidence that he violated as to that as well. So it's limited -- the violations are limited to the three new offenses." Defense counsel objected, pointing out that, "at the hearing,

there was no evidence submitted whatsoever on those two particular charges. The Probation Department didn't even seek to admit the police report." The judge noted the objection and stated that he was "taking judicial notice of the CARI." As noted supra, the judge then committed the juvenile to DYS until his eighteenth birthday.

Discussion. Initially, the juvenile argued that there was insufficient evidence to find any violation of probation. However, he now concedes that that argument "has been rendered moot by [his] subsequent plea of delinquency" to a reduced charge of possession of a firearm without a firearm identification card, in violation of G. L. c. 269, § 10(h).[1] We agree. See Commonwealth v. Joyner, 467 Mass. 176, 190 (2014), quoting from Commonwealth v. Maggio, 414 Mass. 193, 198 (1993) ("Because it rests on a finding of guilt beyond a reasonable doubt, however, '[a] criminal conviction . . . adequately protects the probationer's right to due process, and may serve as the basis for a summary [finding of a probation violation] even though the judge lacks the factual information to make an independent determination that a probation violation has occurred.'").

---

[1] The remaining counts on that complaint were dismissed at the request of the Commonwealth.

In addition, both the Commonwealth and the juvenile now agree that the judge erred in finding a violation based on the new charges of larceny, public affray, and disturbing of public assembly.  We agree with that as well.  See Commonwealth v. Emmanuel E., 52 Mass. App. Ct. 451, 453 (2001), quoting from Commonwealth v. Calvo, 41 Mass. App. Ct. 903, 904 (1996) ("The mere filing of criminal charges against a probationer is not enough to show a violation of probation . . . because it does not give the probationer a realistic chance to confront his accusers and meet the evidence against him").

However, citing Commonwealth v. Vargas, 475 Mass. 86, 93 (2016), the Commonwealth now contends "that error is immaterial" because the finding of a probation violation and resulting commitment to DYS were adequately supported by the agreed-upon firearm violation.  We are not persuaded.  In Vargas, the judge found that the defendant had violated the terms of his probation by using marijuana and Vargas, on appeal, claimed that he was entitled to use marijuana because he had obtained a certificate permitting him to use marijuana for medical purposes.  Id. at 89-90.  The Supreme Judicial Court rejected the claim for several reasons[2] but "conclude[d] also that even if the defendant

---

[2] Specifically, the Supreme Judicial Court rejected the defendant's claim "that the judge [in the probation violation hearing] was prohibited by [the medical marijuana law, St. 2012, c. 369 (act), establishing immunity for the medical use of

were entitled to immunity for the medical use of marijuana, the judge could properly sentence the defendant for violations independent of the use of marijuana."  Id. at 92.

On the other hand, in Commonwealth v. Arroyo, 451 Mass. 1010, 1011 (2008), the court held that it was error to consider conduct that occurred after the end of the defendant's probationary period in deciding whether he had violated the terms of his probation.  While there were other violations of probation properly established, the Arroyo court concluded nonetheless that the case should be remanded for resentencing, stating:

> "[I]t is also true that not every violation requires revocation.  Commonwealth v. Faulkner, 418 Mass. 352, 365 n.11 (1994).  'There are two components to the decision to revoke probation:  a retrospective factual question whether the probationer has violated a condition of probation and a discretionary determination by the judge whether violation of a condition warrants revocation of probation.'  Id.  In making the discretionary determination whether to revoke the defendant's probation, the judge should not have weighed evidence of the defendant's postprobationary term conduct.  The same also holds

marijuana], from sentencing for probation violations relating to marijuana because -- prior to the sentencing hearing -- he had obtained a certificate for the medical use of marijuana. . . . [The court noted that the] judge was not bound by any such restraint where, prior to acquiring the certificate, the defendant agreed to conditions of probation prohibiting the use of marijuana and failed to secure a modification of that condition based on his later acquired qualifying patient status. Nor was the defendant a qualifying patient entitled to immunity under the act when he violated the conditions of his probation by using marijuana prior to acquiring the certificate."  Vargas, supra at 91-92.

true with respect to the judge's determination of what sentence to impose after deciding to revoke probation. [Here], a fair reading of the sentencing transcript indicates that, while the judge did base his revocation and sentencing decisions in part on events that occurred during the probationary term, . . . he also relied on postterm conduct. In particular, the record reflects that the postterm allegations of assault and battery were a substantial factor in the judge's decision to impose a State prison sentence of from three to five years."

Ibid. The Vargas court did not cite Arroyo, or provide guidance for distinguishing it but, after consideration, we are persuaded that the case before us is more like Arroyo than Vargas.

In Vargas, the defendant was on probation for armed robbery. 475 Mass. at 88. There were many probation violations alleged; for the most part they were so-called "technical" violations in that they did not allege new criminal conduct, apart from the repeated illegal use of marijuana. Id. at 89. The defendant also failed to report for drug testing and to the office of community corrections as ordered. Id. at 90. He was given several additional opportunities to complete probation and, finally, at a hearing on the third notice of probation violation, the judge terminated probation and sentenced the defendant to incarceration. Id. at 91. The Supreme Judicial Court affirmed, noting, "Last, we view with disfavor a defendant's agreement to refrain from the use of marijuana in exchange for probation on a life felony and his later attempt to repudiate that agreement by acquiring a certificate for the

medical use of marijuana after he has violated the probation condition prohibiting the use of marijuana." Id. at 94.

Here, the juvenile received a continuance without a finding for each of the underlying offenses, and was committed to DYS for his first probation violation. While the nature of that violation, that is, possession of more than one loaded firearm, committed ten days after he was placed on probation and shortly after an individual reported being threatened by a group of young people with firearms, certainly would have justified the judge's decision to revoke probation and to commit the juvenile to DYS, we cannot be confident that his decision was not substantially influenced by the fact that, while the probation violation hearing was pending -- and the juvenile was released to the custody of his mother -- he was arraigned on two additional complaints. "In these circumstances, it is not for an appellate court to speculate 'what action the judge would have taken had [he] found the defendant in violation of probation based [only] on the violation[ properly found].' Commonwealth v. Aquino, [445 Mass. 446,] 450-451 [(2005)]. To do so would effectively, and improperly, supplant the judge's opportunity to exercise his discretion, on appropriate evidence, in the first instance." Arroyo, 451 Mass. at 1011.

Accordingly, we vacate the order revoking the juvenile's probation, and remand the case to the Juvenile Court for

consideration of the appropriate disposition, based on the firearm offense that was established by the evidence presented at the probation violation hearing.

<u>So ordered</u>.
