NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-85

COMMONWEALTH

vs.

ROBERT A. ABREU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

While subject to probationary conditions in the District Court case underlying this appeal,[1] Robert A. Abreu was charged with three new offenses.  After a hearing, a judge found Abreu in violation of his probation on each of the three underlying charges, continued his probation on two of those charges, revoked his probation on the third charge, and sentenced him to thirty days committed to the house of correction.  Although Abreu later admitted to sufficient facts for a finding of guilty

---

[1] In the underlying case, Abreu admitted to sufficient facts for findings of guilty of threatening to commit a crime, assault and battery on a family or household member, and breaking and entering with the intent to commit a misdemeanor.  His probation conditions included the requirement that he "[o]bey . . . all local, state, and [F]ederal laws."

of one of the three new offenses,[2] his challenge to the findings of violation is not moot.  Nonetheless, we are satisfied that there was sufficient reliable evidence presented at the violation hearing to support the judge's findings of violation, and based on the judge's oral explanation of his sentencing decision, we are also confident that his error in including Abreu's "record of previous violations" in his later written findings did not substantially influence his decision to revoke Abreu's probation after finding him in violation.  Accordingly, we affirm.

Background.  As we have noted, Abreu was on probation when, on September 30, 2023, he was arrested on the new charges.  A complaint issued on October 2, 2023, followed on the same day by a notice of probation violation based on the new charges.

On November 1, 2023, the judge held a hearing on the alleged violations.  At the hearing, the probation officer prosecuting the violations was permitted to introduce in evidence copies of Abreu's probation conditions (exhibit 1), the notice alleging a probation violation based on the new offenses

---

[2] The new charges were unlicensed operation of a motor vehicle, making annoying telephone calls, and threatening to commit a crime.  Abreu admitted to sufficient facts as to the third of these; the Commonwealth entered notices of nolle prosequi on the first two charges.

(exhibit 2), and a package comprising the criminal complaint charging Abreu with the new offenses and the application for that complaint (exhibit 4).

The application for the criminal complaint included a supporting police report written by one of the police officers who was on the scene of Abreu's September 30 arrest. The report contained observations about the officers' interactions with Abreu outside the victim's home, results of a query into the validity of Abreu's driver's license, a description of a telephone call one officer had with the victim, and additional information from another officer's conversation with the victim's husband.

Abreu's counsel conceded the admissibility of hearsay evidence but objected to exhibit 4 on the ground that the hearsay in the supporting police report was "not substantially reliable." The judge admitted exhibit 4 over that objection. The probation officer rested after introducing the four exhibits. Abreu testified on his own behalf and introduced no other evidence.

At the conclusion of the hearing, the judge found that the probation department had proved the three new charges by a preponderance of the evidence and ordered that violations enter on each count in this case. Having done so, the judge continued

Abreu's probationary conditions on the first two counts but revoked Abreu's probation on the third count (threatening to commit a crime) and sentenced him to thirty days in the house of correction. The judge documented his findings and sentencing decision on a court-approved form that involved a series of checkboxes and blank spaces for the judge to complete. Abreu appealed from the judge's order revoking probation and imposing the thirty-day sentence.

On March 19, 2024, Abreu disposed of the new case by admitting to sufficient facts for a finding of guilty of threatening to commit a crime. The Commonwealth nol prossed the remaining two counts in that complaint.

Discussion. 1. Mootness. "Although not technically pleas, admissions to sufficient facts are, in many respects, 'the functional equivalent of a guilty plea.'" Commonwealth v. Fayed F., 495 Mass. 266, 271-272 (2025), quoting Commonwealth v. Villalobos, 437 Mass. 797, 800-801 (2002). Thus, Abreu's admission to one charge would "conclusively validate[] the earlier findings of probation violations" insofar as the findings relied solely on the count to which he tendered his admission. Commonwealth v. Hector H., 69 Mass. App. Ct. 43, 46-47 (2007). However, when the judge found Abreu had violated his probation, he considered all three new offenses, two of which

4

ultimately were nol prossed.  Abreu's admission to sufficient facts on a single count does not conclusively validate findings and sentencing that accounted for all three charges.[3]  Cf. Commonwealth v. Bartos, 57 Mass. App. Ct. 751, 756-757 (2003) (opining that admission to sufficient facts is not conclusive against defendant in probation revocation hearing).  We therefore consider the merits of Abreu's appeal.

2.  Finding of violation.  "In reviewing a judge's revocation of probation, we must determine whether the record discloses sufficient reliable evidence to warrant the findings by the judge[, by a preponderance of the evidence,] that [the probationer] had violated the specified conditions of his . . . probation" (quotations omitted; alterations in original).  Commonwealth v. Gelin, 494 Mass. 777, 783 (2024), quoting Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023).  "When hearsay evidence is reliable, . . . it can be the basis of a revocation" (emphasis omitted).  Commonwealth v. Durling, 407

---

[3] Abreu's counsel stated at the violation hearing that Abreu was "not contesting that he drove a vehicle that day when he wasn't supposed to."  We decline the Commonwealth's invitation to treat that statement as a stipulation to a probation violation in the absence of a full colloquy with Abreu himself.  See Commonwealth v. Santana, 489 Mass. 211, 219 (2022) (cautioning that although colloquy is not required in determining validity of waiver of right to probation violation hearing, "a thorough colloquy is the most precise means of evaluating the voluntariness of a waiver").

5

Mass. 108, 118 (1990).  Hearsay may be "offered as the only evidence of the alleged violation," but "the indicia of reliability must be substantial."  Id.

> "In assessing whether the hearsay evidence is reliable, a hearing judge may consider (1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).  "There is no requirement that hearsay satisfy all the above criteria to be trustworthy and reliable."  Gelin, 494 Mass. at 785, quoting Commonwealth v. Patton, 458 Mass. 119, 133 (2010).  "We review a judge's determination that hearsay is substantially reliable, like other evidentiary decisions, under an abuse of discretion standard."  Gelin, supra at 784, quoting Commonwealth v. Rainey, 491 Mass. 632, 648 (2023).

Applying the reliability factors set forth above, we discern no abuse of discretion here.  Some, if not all, of the information in the report was witnessed by the police:  notably, Abreu's operation of a car and his presence at the victim's home, as well as the results of the officers' Registry of Motor Vehicles query of Abreu's driver's license.  See Hartfield, 474

6

Mass. at 484 (reliability factor one); Durling, 407 Mass. at 121 (finding hearsay statements of police substantially reliable in part because statements were based on officers' observations). Cf. Commonwealth v. Wilson, 47 Mass. App. Ct. 924, 925 (1999) (police report with "no observations of the police, no corroboration, no investigation" was insufficient basis for finding of probation violation).

Additionally, the report was prepared within hours of the events documented within it and the information was, as the judge found, detailed and internally consistent. See Hartfield, 474 Mass. at 484 (reliability factors two, three, and four); Commonwealth v. Negron, 441 Mass. 685, 691 (2004) (victim's statements in police report were substantially reliable for reasons including that they were detailed, made close in time to events in question, and corroborated by police observations). Abreu confirmed that he was driving the car the police saw parked in front of the victim's home, the victim confirmed that she had loaned Abreu the car, and the victim's husband confirmed the victim's account that Abreu had been coming to the victim's home and parking outside. See Hartfield, supra (reliability factor five).

Even assuming Abreu is correct that the victim was not a disinterested witness, see Commonwealth v. Ogarro, 95 Mass. App.

Ct. 662, 668-669 (2019), "[t]here is no requirement that hearsay satisfy all the [reliability factors] to be trustworthy and reliable." Patton, 458 Mass. at 133. Where the victim, her husband, and the police officers who contributed to the information included in the police report all faced potential sanctions for making false reports of Abreu's conduct, we discern no abuse of discretion in the judge's determination that the statements were "provided under circumstances that support the veracity of the source." See G. L. c. 269, § 13A, and Commonwealth v. Nunez, 446 Mass. 54, 59 (2006) (fact that "it is a criminal offense to make a false report of a crime to a police officer" bolsters reliability); G. L. c. 268, § 6A, and Durling, 407 Mass. at 121 (fact that "it is a crime for police officers to file false reports" bolsters reliability).

At the probation violation hearing, Abreu testified that at a prior hearing -- before the same judge -- the victim provided an account of her relationship with Abreu that was inconsistent with the account in the police report. That testimony was not necessarily fatal to the reliability of the victim's statements on September 30, 2023. Cf. Commonwealth v. King, 71 Mass. App. Ct. 737, 741 (2008) (where observations in police report "fundamentally undermine[d]" credibility of declarant, hearsay evidence lacked necessary indicia of reliability). There is no

transcript of the previous hearing in our record, and Abreu has not shown that his hearing testimony about the victim's prior testimony was accurate.  Even assuming that testimony was accurate, it was for the judge to determine the credibility of the victim's statements.  We infer that the judge found the victim's statements described in the report believable and thus more credible than the victim's earlier testimony about her relationship with Abreu.  See Commonwealth v. Bruno-O'Leary, 94 Mass. App. Ct. 44, 49 (2018) (appellate courts generally defer to trial court judges' credibility assessments).

We are likewise unpersuaded that an exhaustive police investigation into the veracity of the victim's account of Abreu's having "called her over forty times from his phone . . . asking for money and her location," or his threats "to come back to [her] home . . . to kill her and her children," was required for the judge to properly find that the probation department had met its burden of proving violations based on the new offenses. Abreu's speculation about what the police might have learned had they been able to obtain additional witness statements or the victim's and Abreu's cellular telephone "log[s]" does not change our view that the judge acted within his discretion in relying on the evidence included in exhibit 4.  Cf. Commonwealth v.

Bukin, 467 Mass. 516, 521 (2014) ("It is the exclusive province of the hearing judge to assess the weight of the evidence").

3. Adequacy of judge's findings. The judge's findings were adequate to explain his determination that the hearsay evidence in the police report was reliable. See Hartfield, 474 Mass. at 485. First, there was no error in the judge's reliance on the "victim's call to police." The police report in exhibit 4 included a description of such a call, and it is apparent from the judge's findings that he considered the substance of the call, as recorded in exhibit 4, to find that the probation department had proven violations based on the charges of making annoying telephone calls and threatening to commit a crime.

We are likewise unpersuaded by Abreu's argument that the judge's written findings identifying the reasons he found the hearsay evidence reliable were clearly erroneous.[4] See Commonwealth v. Morris, 492 Mass. 498, 509 (2023). Where some of the hearsay evidence presented (the observations of police officers) came in through disinterested witnesses,[5] and where

_____

[4] Abreu contends that these findings were "patently incorrect." We have reframed the argument to reflect the applicable appellate standard of review. See Commonwealth v. Morris, 492 Mass. 498, 509 (2023).

[5] Even if the judge erred in concluding the victim was a disinterested witness, that conclusion was harmless error; once again, "[t]here is no requirement that hearsay satisfy all the

10

other hearsay information (including about Abreu's presence at the victim's home) was corroborated by Abreu's testimony at the hearing, the judge did not abuse his discretion by identifying his reliance on those factors. That certain of the factors on which the judge relied applied to only some of the hearsay he found reliable does not mandate the conclusion that the judge erred, and we do not so conclude.

4. Propriety of disposition. Our review of the judge's sentencing decision is complicated by a discrepancy between the judge's contemporaneous oral explanation of his reasons for revoking Abreu's probation and the judge's written findings. Ultimately, however, we discern no abuse of discretion in the judge's decision to revoke Abreu's probation. See Gelin, 494 Mass. at 783 (abuse of discretion standard).

It is apparent from the District Court's docket that before the probation violation hearing at issue in this appeal, the judge who conducted the probation violation hearing on November 1, 2023, had presided over each of two prior violation proceedings in this case, neither of which resulted in a finding of violation. Indeed, during the sentencing portion of the November 1 hearing, the judge confirmed his awareness of this

---

above criteria to be trustworthy and reliable." Patton, 458 Mass. at 133.

11

history when he said, "last time, I didn't find him in violation. Another time he voluntarily extended." However, as Abreu points out, the judge's written findings are inconsistent with his oral statement -- in his written findings, the judge identified six factors on which he relied in revoking Abreu's probation, including, "The probationer's record of previous violations." In this circumstance, we are guided by settled law in the context of criminal sentencing in concluding that the judge's verbal explanation controls. See Commonwealth v. Williamson, 462 Mass. 676, 685 (2012) ("the oral pronouncement of a sentence generally controls over the written expression where there exists a 'material conflict' between the two" [citation omitted]). Where the judge did not rely on an improper consideration in deciding to revoke Abreu's probation, we will not disturb the judge's sentencing decision.[6]  See

_____

[6] Had the record of the judge's reasons for revoking Abreu's probation been limited to the judge's written findings, one of which ("[t]he probationer's record of previous violations") was clearly erroneous, we would likely have been constrained to vacate the sentence the judge imposed, regardless of whether the judge could properly have ordered the revocation on the remaining unchallenged factors. See Commonwealth v. Arroyo, 451 Mass. 1010, 1011 (2008), quoting Commonwealth v. Aquino, 445 Mass. 446, 450-451 (2005) (where probation sentencing determination relied on both proper and improper considerations, sentence was vacated and case remanded, because "[i]n these circumstances, it is not for an appellate court to speculate 'what action the judge would have taken'" had judge relied only on proper sentencing considerations); Commonwealth v. King, 96 Mass. App. Ct. 703, 712 (2019) (same).  But see Commonwealth v.

12

Rainey, 491 Mass. at 648-649 ("[s]eeing no reason to doubt the judge's statement that the GPS violations did not 'drive the result,'" court did not vacate revocation order, despite unreliability of global positioning system [GPS] records).

    Conclusion.  The order revoking probation on count three and imposing a thirty-day sentence is affirmed.

So ordered.

By the Court (Henry, Hand &
  Brennan, JJ.[7]),

Clerk

Entered:  November 21, 2025.

---

Padua, 479 Mass. 1004, 1005 (2018) (where appealing defendant had served challenged sentence before appeal was decided and appellate court confirmed defendant's convictions but not defendant's sentence, "no purpose could be served by remanding the matter for resentencing, because no effective relief could be granted to [defendant]"; proper disposition on appeal was affirmance of judgment without remand for sentencing).

    [7] The panelists are listed in order of seniority.